UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

In re

THE LAW FIRM OF FRANK R. BAYGER, P.C.,

              Debtor,

                                          DECISION AND ORDER
                                          07-CV-254A

FRANK R. BAYGER,

              Appellant,

      v.

DONALD DOLSON,

              Appellee.

## INTRODUCTION

This is an appeal of a bankruptcy court order. In or about 1995, the appellant, Frank R. Bayger, an attorney, represented the appellee, Donald L. Dolson, in a personal injury action against Darien Lake Theme Park and Camping Resort, Inc. A jury ultimately awarded appellee $15,000 in damages.

On or about March 15, 2002, a voluntary Chapter 11 bankruptcy petition was filed by the debtor, The Law Firm of Frank R. Bayger, P.C. The Chapter 11 petition was subsequently converted to a Chapter 7 petition.

After conversion to Chapter 7, the appellee filed proofs of claim claiming legal malpractice on the part of the appellant.  The Chapter 7 Trustee filed a motion with the Bankruptcy Court objecting to appellee's proof of claims.  Appellee subsequently interposed a response to the Chapter 7 Trustee's motion.

The Bankruptcy Judge, Hon. Michael J. Kaplan, having found that appellee's response rebutted the Chapter 7 Trustee's initial objections, directed the Chapter 7 Trustee to file a reply to the appellee's response.  After failure of the Chapter 7 Trustee to file a reply, Judge Kaplan directed counsel for the appellant to file a reply.  However, rather than filing a reply to the appellee's submission as directed by Judge Kaplan, the appellant submitted a document entitled "Motion of Frank R. Bayger in Support of a Liability and Damage Trial to Determine the Claim of Donald L. Dolson."  Appellee then submitted a response thereto.

On or about February 21, 2007, a hearing was held in the Bankruptcy Court.  There, the Judge Kaplan indicated that the appellant's submission had erroneously been treated as a Notice of Removal by the Clerk of the Bankruptcy Court and transmitted to the District Court.  Judge Kaplan also indicated that the appellant's submission was not responsive to his direction for the appellant to file a reply to the appellee's submissions.

When the District Curt received the erroneous Notice of Removal, it opened a new case, 07-CV-100, which was assigned to the Hon. John T. Curtin.  On February 23, 2007, Judge Kaplan entered an Order withdrawing the Notice of Removal to the District Court.  In that Order, Judge Kaplan stated that the "Motion of Frank R. Bayger in Support of a Liability and Damage Trial to Determine the Claim of Donald L.

Dolson" would be deemed a response to the appellee's submissions regarding the Trustee's claims objections.  Judge Kaplan requested that the District Court Clerk strike the matter from the District Court docket as having been forwarded in error.  By Order signed on March 24, 2007 and filed on April 2, 2007, Judge Curtin directed the Clerk of the District Court to remove the case from the District Court docket and return the matter to the Bankruptcy Court.

On April 13, 2007, the appellant filed the instant appeal.  The appellant is appealing from the Bankruptcy Court's February 23, 2007 Order, which requested the District Court to strike the matter from the District Court docket as having been forwarded in error.

## **DISCUSSION**

The Court finds that appellant's appeal must be dismissed for several reasons.

First, the appeal is untimely.  A notice of appeal from a bankruptcy court order must be filed within 10 calendar days of the date the final order is entered.  See Fed. R. Bankr. P. 8002(a); see also Fed. R. Bankr. P. 9006(a).  Here, the Order being appealed from was filed by the Bankruptcy Court on February 23, 2007.  Thus, appellant was required to file a notice of appeal by March 5, 2007.  As stated above, however, the notice of appeal in this case was not filed until April 13, 2007, far beyond the 10-day appeal period.  Thus, the appeal is untimely.

Second, the February 23, 2007 Order of the Bankruptcy Court was already adopted by Judge Curtin on March 24, 2007, in the 07-CV-100 case.  If the

appellant believed that Judge Curtin erred by entering that Order, appellant should have either requested reconsideration from Judge Curtin or appealed Judge Curtin's Order to the Second Circuit Court of Appeals.  He failed to do either.

Third, the Court finds that the appellant incorrectly states that the Bankruptcy Court's February 23, 2007 Order was a "final" order.  The appealability of orders issued by bankruptcy judges is governed by 28 U.S.C. § 158.  Section 158(a) authorizes district courts to hear appeals from "final judgments, orders and decrees and, with leave of the [district] court, from interlocutory orders and decrees, of bankruptcy judges."  The Second Circuit has discussed the concept of a "final" order in bankruptcy proceedings as follows:

> The standards for determining finality in bankruptcy differ from those applicable to ordinary civil litigation. The need for different standards arises from the fact that a bankruptcy proceeding is umbrella litigation often covering numerous actions that are related only by the debtor's status as a litigant and that often involve decisions that will be unreviewable if appellate jurisdiction exists only at the conclusion of the bankruptcy proceeding. We have thus recognized that Congress intended to allow for immediate appeal in bankruptcy cases of orders that finally dispose of discrete disputes within the larger case." * * * By "disputes" we do not mean merely competing contentions with respect to separable issues; rather, we apply the same standards of finality that we apply to an appeal under 28 U.S.C. § 1291. Given the strong federal policy against piecemeal appeals, a "dispute," for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted.

In re The Bennett Funding Group, Inc., 439 F.3d 155, 160 (2d Cir. 2006).  Applying this standard to the instant case, the February 23, 2007 Order cannot reasonably be construed as a "final" order.  The Order simply states that the Bankruptcy Court was construing the appellant's submission as a response to the appellee's submission and that appellant's submission was erroneously forwarded to the District Court as a Notice

of Removal.  The Bankruptcy Court Order does not purport to state any type of "final" decision on the issue of removal.[1]

### **CONCLUSION**

For the reasons stated, the Court dismisses the appeal.

SO ORDERED.

> s/ *Richard J. Arcara*
> HONORABLE RICHARD J. ARCARA
> CHIEF JUDGE
> UNITED STATES DISTRICT COURT

DATED:  March 27, 2008

---

[1]  In his brief, appellee argues that the appellant, who is not the debtor, lacks standing to bring a motion for removal and to pursue this appeal.  In light of the Court's ruling, it need not address this issue.